Hon. FÉLIX P. POCHÉ,  
Hon. ROBERT B. TODD,  
Hon. CHARLES E. FENNER, } *Associate Justices.*  
Hon. LYNN B. WATKINS,

---

### No. 1199.

### SUCCESSION OF L. M. OSBORN.

### ON OPPOSITION TO ACCOUNT OF ADMINISTRATOR.

Advances clearly proved to have been used for to other than plantation purposes, cannot be allowed a privilege.

For services rendered by counsel in the settlement of a succession in which there was little or no litigation, the assets realizing some $6000, an allowance of $300 is ample, and will not be increased.

A vendor of real estate is entitled to a privilege for the payment of the unpaid price, which exists until it has been relinquished, or the debt satisfied, or prescription has run

The abandonment need not be in absolute terms. It is enough if it can be inferred from the acts of the parties that the vendor intended to waive his rank in favor of another and subordinate his claims, in order to secure payment of the latter by preference over himself. What surplus, if any, remains thereafter accrues to the vendor.

Mr. Justice Poché was absent during the term on account of illness.

APPEAL from the Fifth District Court, Parish of Ouachita.
*Richardson,* J.

*C. J. & J. S. Boatner* for the Administrator, Appellant.

*Stubbs & Russell* for Opponent and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   In the distribution of the funds of this succession
the District Court disallowed certain advances which the adminis-
trator, in his individual capacity, claims to have made for the working
of the plantation of the deceased.   The court reduced the amount
claimed by the counsel of the administrator for their services in
settling the succession, and ordered a mortgage creditor to be first
paid out of the proceeds of the property.   It, besides, admitted the
claim of an opponent, which is conceded to be due.

The parties aggrieved by this judgment now appear and complain
that it is erroneous.

I.

The first complainant is the administrator, in his own name.   He
charges that the district judge has erred in rejecting his claims for
$244.35, which he had advanced Osborn for taxes, insurance and
notarial fees.

The district judge considered that the amount disbursed was not
advanced for purposes connected with the cultivation of the crop,
and, therefore, was not secured by privilege.

It is not claimed that it is not so, but it is alleged that although the
advances were not used for such purposes, they are secured by privi-
lege, as the party advancing cannot be expected to control the
disposition of the cash advanced by him for that object.

Pretermitting the question as to what extent the advancer of supplies
and cash is bound to follow the actual application in order to preserve
his privilege, it is sufficient to say that the judge *a quo* disallowed all
such as were clearly proved to have been diverted to other than
plantation purposes, and that we see no reason to interfere with his
finding.

II.

The next matter to be considered is the fee of counsel.   There was
no evidence adduced in support of the amount placed on the account.
Possibly none was necessary under the circumstances of the case.

On this subject the district judge says that it appears to have been

no litigation, except what has arisen on the opposition to their account, which has been provoked by ignoring the Brooks' claim and appropriating proceeds of the plantation to the Scottish American Mortgage Company.

The net amount realized and proposed to be distributed is $5975.71. He accordingly reduced the allowance to $300.

The services rendered in the litigation, touching the distribution, did not necessarily enure to the benefit of the estate, for of what concern was it to the succession that the mortgage company ranked or not Brooks, the vendor, or that McLain, individually, was or not entitled to a privilege for the amount of advances which he claimed to have made.

We find no error in the conclusion of the district judge.

### III.

The subject now to be considered is whether Brooks, an opponent, is entitled to be paid the amount which he claims is due him as vendor, by preference over the mortgage company before alluded to.

It appears that Brooks had sold to Osborn the plantation in question for $6000, one-third cash and the rest equally at one and two years; and that, when part of the debt or credit matured, Osborn undertook to borrow from the company a certain sum of money.

The company would not agree to make the loan, unless payment of it was secured by *first* rank on the property.

Hence, a notarial act was executed, in which it is declared that, in order to assist Osborn in raising the money, Brooks authorizes the recorder to cancel and erase his mortgage to the extent of $2,500, and to enter on his records his waiver of rank in favor of the mortgage company, it being his intention to cancel the same so far as the payment is made, and to *waive the rank* of his mortgage for the balance only in favor of said company and the owners and holders of the notes.

The money raised by the loan was received by Brooks, and the notes which he held credited for as much.

The contention now is that, while he waived his mortgage, he did not abandon his privilege as vendor, which exists by operation of law so long as it has not been formally relinquished, and that, as he has done so as to his mortgage only, he ranks as such with the company.

No doubt the authorities are in that sense; but the issue is not one of *law*, but one of *fact*, on this subject.

It is manifest to our minds, as it was to that of the district judge,

that the intention of Brooks was to forego, and that he did give up, whatever encumbrance secured his debt on the property, in order to induce the company to loan the amount which it loaned and which he received.

It is no defense to say that he was not paid the $2500, but that he received only $2239.50. The record shows that he has acknowledged, in writing, to have received the $2500. There is neither charge nor proof that the receipt was fraudulently procured, and it appears to be his voluntary act. Had he chosen, he might still have received less, and, even without any consideration, have yielded altogether the security in his favor for the payment of his claim.

However, as the waiver and subordination were made exclusively in favor of the mortgage company, Brooks would be entitled to receive what would remain of the proceeds after paying what privileged claims are to be satisfied out of them, superadding thereto that of the mortgage company.

We understand that the district judge has thus ruled.

The claim of Chambliss, an opponent, was allowed below and is recognized here. It must so remain.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed with costs.